IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DORSIE NORTHARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 05-HS-2227-M |
| | ) |
| LAPOSEY JONES, Warden; ATTORNEY | ) |
| GENERAL FOR THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OF OPINION

On October 27, 2005, Dorsie Northard filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1984, he was convicted in the Circuit Court of St. Clair County of capital murder and was sentenced to life imprisonment without parole. Northard has filed six previous federal habeas corpus petitions challenging the same conviction. (See Court's Exhibit A, CV95-B-3133-M, Report and Recommendation, Final Judgment, and Eleventh Circuit's Denial of Application for Leave to File a Second or Successive Habeas Corpus Petition, 28 U.S.C. § 2244(b)).

Title 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Northard failed to obtain authorization from the Eleventh Circuit Court of Appeals to file a second or successive habeas corpus application prior to filing this action.

In *Hill v. Harper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied,* 520 U.S. 1203 (1997) the Court of Appeals for the Eleventh Circuit held that where the petitioner had not applied to it for permission to

file a second habeas petition the district court lacked jurisdiction under 28 U.S.C. § 2244(b)(3)(A) to consider petitioner's request for relief.

This action is due to be dismissed for lack of jurisdiction. A separate Final Judgment consistent with this Memorandum of Opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 4th day of November, 2005.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge